**ASH GROVE CEMENT COMPANY,**
Appellant,

v.

**FEDERAL TRADE COMMISSION**
et al.,

Nos. 73–2212, 74–1144.

United States Court of Appeals,
District of Columbia Circuit.

June 23, 1975.

Before DANAHER, Senior Circuit Judge, WILKEY, Circuit Judge, and JUSTICE *, U. S. District Judge for the Eastern District of Texas.

### ORDER

On consideration of appellees' petition for rehearing, it is

Ordered by the Court that appellees' aforesaid petition is denied.

PER CURIAM:

█ Appellees have filed a petition for rehearing of our 16 April 1975 decision in this case. They take primary issue with our ruling that those portions of the Commission's chronological minutes which it described to the District Court as containing "policy determinations" must be disclosed to the appellant. We deny appellees' petition. To our mind, a "policy determination" denotes a final agency decision which is utilized as a touchstone for future administrative action. Such decisions must be made available to the public, as this court held in *Sterling Drug, Inc. v. Federal Trade Commission*, "to prevent the development of secret law within the Commission." [1]

█ We take this opportunity to emphasize, however, that our opinion leaves open the possibility on remand that the District Court may find, with the benefit of a more adequate record, that the Commission's own characterization of the chronological minutes as containing "policy *determinations*" was inaccurate. Nothing in our opinion requires that the policy *discussions* or recommendations of FTC Commissioners be revealed to the public.[2] If the agency, in spite of its own description of portions of the chron-

ological minutes as "policy determinations," can satisfy the District Court—through the procedure outlined in our opinion—that no final agency opinions or binding decisions are found therein, the disclosure rationale of *Sterling Drug* will not be applicable to this case. For, as the Supreme Court so recently held in *NLRB v. Sears, Roebuck & Co.*,[3] Exemption 5 can never apply to "final opinions," whereas memoranda (and records of oral discussions) leading up to a final opinion or binding decision are protected from disclosure by Exemption 5.

---

* Judge Justice did not participate in this opinion.

1. 146 U.S.App.D.C. 237, 247, 450 F.2d 698, 708 (1971).

2. Cf. *Renegotiation Board v. Grumman*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975).

3. 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).